COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

WILLIAM RICHARD KNIGHT,                         )

                                                                              )              
No.  08-05-00337-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20050D01771)

                                                                              )

 

O
P I N I O N

 

Appellant William
Richard Knight was charged by indictment with the offense of possession of a
controlled substance, to wit:  cocaine
having an aggregate weight, including adulterants and dilutants, of four grams
or more but less than 200 grams. 
Appellant pled guilty to the offense and, in accordance with the plea
agreement, the trial court sentenced Appellant to 8 years imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. Appellant
filed a notice of appeal and the trial court certified Appellant=s right to appeal the denial of his
pretrial motion to suppress the evidence.








Appellant=s court-appointed counsel has filed a
brief in which he has concluded that the appeal is frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh.
denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting
a professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State,
516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553
(Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.
1969).  Appellant=s
counsel, however, proposes one arguable issue in the brief.

Appellant=s counsel has mailed a copy of counsel=s brief to Appellant, a copy of the
motion to withdraw as counsel, and a letter informing Appellant of his right to
examine the appellate record and file a pro se brief.

MOTION
TO SUPPRESS

The arguable issue
presented in counsel=s
brief is whether the trial court erred by denying Appellant=s motion to suppress evidence because
the police officers who entered Appellant=s
hotel room lacked probable cause to enter and search the room and did not have
Appellant=s consent
to search.

Standard
of Review








We review the
trial court=s ruling
on a motion to suppress for an abuse of discretion.  Guzman v. State, 955 S.W.2d 85, 88-9
(Tex.Crim.App. 1997).  Under this
standard, we give almost total deference to the trial court=s determination of historical facts
supported by the record, especially when the findings are based on an
evaluation of credibility and demeanor.  Id.
at 89.  We review de novo mixed
questions of law and fact that do not turn on an evaluation of credibility and
demeanor.  Id.; Balentine v.
State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002).  When the trial court does not make explicit
findings of fact, we review the evidence in a light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex.Crim.App. 2000). 
The trial court=s
ruling will be upheld if it is reasonably supported by the record and is
correct on any theory of law applicable to the case.  State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Crim.App. 2000).

Factual
Background

On the evening of
March 3, 2005, El Paso police officers responded to a call from the clerk of
the Mesa Inn Motel, who contacted the police after an occupant in a room had
contacted the front desk stating that someone was trying to kill him.  The property manager told responding officer
Allan Eddington that the caller had said, AThey=re trying to get me, they=re trying to kill me,@ and then had hung up.  The front desk clerk called back to the room
and received a busy signal.  The manager
then went to the room, knocked several times, but received no response.  Fearing for the occupant=s safety, the manager then attempted to
use the master key to gain entry into the room, but found that the door had
been barricaded from the inside.  At that
point, the manager alerted the front desk to contact the police.








Acting on this
information, the responding police officers went to the room, knocking
forcefully on the door while identifying themselves as police officers, both in
English and Spanish.  When they received
no response, they attempted to open the door by force, but were unable to open
the door more than an inch because there was something large and heavy blocking
the door.  The police officers could hear
a muffled cough from the room.  Because
the property manager was leery of the officers breaking and damaging the door,
the officers asked Fire Department personnel, who had also responded, if they
could use the department=s
ladder in order to make an outside approach from the window, as the room was on
the second floor.  The police officers
found that the window was closed with the shades drawn.  Concerned that this was a suicide or that
someone was being held against his will, the police officers broke the window
and made a forced entry into the room.

Upon entry, the
officers announced themselves as police officers.  As they entered, Appellant exited from the
bathroom area, shouting, AThey=re trying to get me, they=re trying to kill me.@ 
Appellant complied with the officers=
command to lie on the ground, while one of the officers removed the dresser
that was blocking the door.  Another
officer took Appellant into custody while other officers began making a sweep
of the room for additional persons.

After Appellant
had been checked out by emergency personnel, he was sitting on the edge of the
bed and was non-responsive, except for repeating his earlier statements.  Because Appellant was non-responsive, the
officers began looking for identification and weapons in addition to looking
for other people that might be in the motel room.  During the search, officers observed in plain
view on one nightstand a small folded piece of paper, which contained a white
powdery substance they believed to be cocaine, and part of a plastic bag, which
contained a white powdery residue, on the other nightstand.  After determining Appellant was the sole
occupant and having found narcotics in plain view, the officers decided to
arrest Appellant and subsequently conducted a search inside to arrest, which included
looking into furniture drawers, closets, and the bathroom for concealed
persons, possible weapons, and additional narcotics.

Warrantless
Search








Both the Fourth
Amendment to the United States Constitution and Article I, section 9 of the
Texas Constitution prohibit unreasonable searches and seizures.  See U.S.Const.
amend. IV; Tex.Const. art. I, ' 9. 
Warrantless searches are per se unreasonable unless they fall
under one of a few exceptions.  Brimage
v. State, 918 S.W.2d 466, 500 (Tex.Crim.App. 1994)(plurality op. on reh=g); Kelly v. State, 669 S.W.2d
720, 725 (Tex.Crim.App. 1984).  To
justify a warrantless search of a residence under the emergency doctrine
exception, the State must show that:  (1)
the officer had probable cause at the time the search was made; and (2) the
officer had an immediate reasonable belief that he or she must act to Aprotect or preserve life or avoid
serious injury . . . .@  See Mincey v. Arizona, 437 U.S. 385,
392-93, 98 S.Ct 2408, 2413, 57 L.Ed.2d 290 (1978); Brimage, 918 S.W.2d
at 500-02; McNairy v. State, 835 S.W.2d 101, 106 (Tex.Crim.App.
1991).  The emergency doctrine applies
when the police are acting in their limited community caretaking role to Aprotect or preserve life or avoid
serious injury,@ not in
their Acrime-fighting
A role. 
Laney v. State, 117 S.W.3d 854, 861 (Tex.Crim.App. 2003), quoting
Mincey, 437 U.S. at 392, 98 S.Ct. at 2413.

In determining
whether a warrantless search is justified under the emergency doctrine, we
apply an objective standard of reasonableness which looks at the officer=s conduct and takes into account the
facts and circumstances known to the officer at the time of the entry.  See Colburn v. State, 966 S.W.2d 511,
519 (Tex.Crim.App. 1998); Brimage, 918 S.W.2d at 501.  Furthermore, we look to ensure that the
warrantless search is strictly circumscribed by the exigencies that justify its
initiation.  Laney, 117 S.W.3d at
862.  If the emergency doctrine applies,
the police may seize any evidence that is in plain view during the course of
their legitimate emergency activities.  Id.;
Mincey, 437 U.S. at 393, 98 S.Ct. at 2413; Brimage, 918 S.W.2d at
501.








In this case, the
motel clerk received a call from the occupant of Appellant=s room, who told the clerk, AThey=re
trying to get me, they=re
trying to kill me.@  After several failed attempts to make contact
with the occupant by phone and by entry, the property manager told the motel
clerk to contact the police for assistance. 
Acting on this information that they received when they make initial
contact with the property manager, the police went to Appellant=s room, identified themselves as
officers, and knocked forcefully on the door, but received no response.  When they tried to open the door, they found
that it was barricaded from within and they could hear a muffled cough from the
room.  Out of concern that there was a
suicide in progress or that someone within was being held against his will, the
officers made a forced entry into the room through the window.  As the officers entered, Appellant exited the
bathroom area, shouting, AThey=re trying to get me, they=re trying to kill me.@ 
After removing the barricade, officers began a protective sweep of the
motel room.

We agree with
Appellant=s counsel
that based on the facts and circumstances known to the officers at the time of
the initial entry and search, they could have reasonably believed that they had
to enter and search Appellant=s
room in order to protect or preserve life or prevent serious injury.  Once in the room for a legitimate emergency
activity, the officers saw narcotics on the nightstands in plain view and this
evidence was lawfully seized.  See
Laney, 117 S.W.3d at 862; see also Walter v. State, 28 S.W.3d 538,
541 (Tex.Crim.App. 2000)(Aplain
view@ doctrine
requires that:  (1) law enforcement
officials have a right to be where they are, that is, not in violation of the
Fourth Amendment; and (2) it be immediately apparent that the item seized
constitutes evidence, that is, probable cause to associated the item with
criminal activity).  Further, we also
agree that the search of the furniture in the room was reasonable as a search
incident to Appellant=s
arrest.  See Chimel v.
California, 395 U.S. 752, 762-63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685
(1969)(search incident to arrest permits an officer to search the arrestee and
the area within his immediate control in order to remove any weapons for
officer safety or to prevent concealment or destruction of evidence).  Therefore, we conclude the trial court did
not err in denying Appellant=s
motion to suppress the evidence. 
Appellant=s sole
issue is overruled.








Independent
Review of Record

We have carefully
reviewed the entire record and counsel=s
brief and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  We
affirm the trial court=s
judgment.

 

 

April
27, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)